UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00605-GNS

KRISTEN R. BUSSELL and
KALI C. CENTENO                                                           PLAINTIFFS

v.

ELIZABETHTOWN INDEPENDENT
SCHOOL DISTRICT; and
STEPHEN KYLE GOODLETT                                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 7).[1] The motion has been fully briefed and is ripe for adjudication. For the reasons outlined below, the motion is **DENIED**.

### I. STATEMENT OF FACTS AND CLAIMS

This is a civil rights action brought under 42 U.S.C. § 1983 and 20 U.S.C. § 1681(a) *et seq.* ("Title IX"), with pendent state law claims. (Compl., DN 1; Am. Compl., DN 13). Plaintiffs Kristen R. Bussell and Kali C. Centeno (together, "Plaintiffs"), on behalf of themselves and a putative class of others similarly situated, allege that Elizabethtown Independent School District ("District" or "Defendant") and Stephen Kyle Goodlett ("Goodlett") violated their privacy rights when they were students at Elizabethtown High School ("EHS") between 2010-2012. (Compl. 1-2). Plaintiffs claim that pursuant to EHS's policy of allowing teachers and school administrators to confiscate and retain student cell phones if used during school hours, District school officials, including Goodlett, seized and searched the content of student cell

---

[1] Following the filing of Plaintiffs' Amended Complaint (DN 13), Defendant reasserted and incorporated its prior arguments. (DN 14). The Court will therefore consider the arguments contained in the original Motion to Dismiss as applied to the Amended Complaint.

phones, including Plaintiffs'. (Compl. ¶¶ 10, 21-24). Plaintiffs further assert that Goodlett found private nude and semi-nude photographs on their phones, and that Goodlett later uploaded those images to the Internet.[2] (Compl. ¶¶ 22-33).

Plaintiffs bring claims against the District under Section 1983 for violations of their Fourth Amendment rights; under Title IX for discrimination and harassment; and under Article I, Section 10 of the Kentucky Constitution for unreasonable search and seizure.[3] (Compl. ¶¶ 34-51, 63-72). Plaintiffs contend that the District is liable, as Goodlett's actions were taken pursuant to his position as a teacher at EHS, under a policy adopted by the District, and that the District "fail[ed] to develop and enforce adequate policies and procedures" to prevent "the deprivation of a student's federally protected rights . . . ." (Compl. ¶¶ 63-69). Plaintiffs' suit is brought on behalf of themselves, and a putative class, defined as:

> All students at Elizabethtown High School from 2010 through 2012, whose cellular telephones were confiscated by teachers and/or school officials at Elizabethtown High School; whose cellular telephones, once confiscated, were searched by teachers and/or school officials; and whose photographic images stored on said cellular telephones were transferred by Elizabethtown High School teachers and/or officials to thumb drives or other storage devices and then uploaded to one or more internet websites without the students' knowledge or consent.

(Compl. ¶ 74).

## II.    JURISDICTION

The Court has subject matter jurisdiction over Plaintiffs' Section 1983 and Title IX claims under 28 U.S.C. § 1331 because a federal question is presented. Additionally, the Court has subject matter jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

---

[2] Both parties agree that Goodlett's actions were illegal. (Compl. ¶ 24; Def.'s Mot. Dismiss 6, 8, 15, DN 7).

[3] Plaintiffs also allege claims under Kentucky law for invasion of privacy, outrage, and libel, but have since noted that these claims were intended only as against Goodlett, not the District. (Compl. ¶¶ 52-62; Pls.' Resp. 14, DN 10).

### III.     STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P 12(b)(6).  When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted).  "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

In reviewing a motion to dismiss, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted). As the Complaint clearly centers on EHS's "written or unwritten policy related to cellular telephones[,]" the Court will consider the EHS Cell Phone Policy as included in Defendant's motion, as well as the District's Search and Seizure Policy as attached to Plaintiffs' Response. (Def's. Mot. Dismiss 5; Pls.' Resp. Def.'s Mot. Dismiss. Ex. A, DN 10-1).[4]

## IV. DISCUSSION

Defendant moves the Court to dismiss the Amended Complaint, asserting, *inter alia*, that it is entitled to immunity, cannot be vicariously liable for Goodlett's actions, and did not have a legal duty to implement policies to prevent Goodlett's unforeseeable criminal conduct. (Def.'s Mot. Dismiss 2). The District's arguments as to each claim are addressed in turn.

### A. Section 1983 & Kentucky Constitutional Claims

To state a claim under Section 1983, "[a] plaintiff must establish both that 1) she was deprived of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (citation omitted). Because "Section 1983 is not itself a source of any substantive rights, but instead provides the means by which rights conferred elsewhere may

---

[4] The District argues that Plaintiffs' citation to and reliance upon the Search and Seizure Policy is improper, as it "is not a basis for the claims asserted in their Complaint" and that "no policy allowed for the *illegal* search of students' cell phones" and asks the Court to limit its analysis to the EHS Cell Phone Policy alone. (Def.'s Reply Supp. Mot. Dismiss 1-3, DN 12 [hereinafter Def.'s Reply] (emphasis in original)). As Plaintiffs' Complaint specifically refers to "the policy adopted by the Defendant, Elizabethtown Independent School District[,]" the Court will consider both policies in its analysis. (Compl. ¶ 64).

4

be enforced[,]" the Court's "first task . . . is to identify the specific constitutional . . . rights allegedly infringed." *Meals v. City of Memphis*, 493 F.3d 720, 727-28 (6th Cir. 2007) (citations omitted).

In this case, Plaintiffs contend, *inter alia*:

> [D]espite a complete lack of reasonable suspicion, upon information and belief, . . . Goodlett, and/or other school officials at EHS, acting under the color of state law in their capacity as public school officials, unreasonably and unlawfully searched the images stored on the cellular telephones of the Plaintiffs and similarly situated students.
>
> In so doing, Defendants . . . violated the rights of the Plaintiffs and similarly situated students under the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983 . . . .

(Compl. ¶¶ 40-41). Specifically concerning the District, Plaintiffs allege:

> The Elizabethtown Independent School District is liable for damages in this case because, (A) it had a custom, pattern and/or practice of tolerance or acquiescence in the misconduct alleged . . .; (B) because final policymakers engaged in, adopted or ratified the misconduct at issue; (C) its own policies resulted in the violations of federal law as alleged . . .; and (D) it provided no sufficient training or supervision to prevent the conduct alleged . . . .
>
> . . .
>
> [Goodlett's actions] were undertaken by him while acting as an official, agent and/or employee of the [District] . . . , were undertaken under color of the authority vested in him by the [District] . . . , and were undertaken by him as the official of the [District] . . . with final decision-making authority in regard to the confiscation, retention, search, disposition and/or return of his student's cellular telephone and the contents thereof under the policy adopted by the [District] . . . .

(Compl. ¶¶ 36, 64).

"The Fourth Amendment provides that the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be

violated . . . ."[5] *Terry v. Ohio*, 392 U.S. 1, 8 (1968) (internal quotation marks omitted). The Supreme Court has held that while students have a legitimate expectation of privacy while at school, that expectation must be balanced against the school's need to protect the learning environment. *New Jersey v. T.L.O.*, 469 U.S. 325, 340-42 (1985).

KRS 158.165 mandates that school districts develop a policy to govern the possession and use of cell phones by students while on school property. KRS 158.165(1). The Cell Phone Policy at EHS stated, in relevant part:

> [W]hile on school property or attending school sponsored or school related activities, students shall be permitted to possess and use personal telecommunications devices (cell phones) provided they observe the following conditions:
>
> 1. Devices shall not be used in a manner that disrupts the educational process, including, but not limited to, posing a threat to academic integrity or violating confidentiality or privacy rights of another individual, unless an emergency situation exists that involves imminent physical danger or a certified employee authorizes the student to do so. *Otherwise, devices shall be turned off during regular school hours. (7:00 a.m.-2:30p.m.)*
>
> Students violating this prohibition, will be subject to the following disciplinary action. 1st offense is a 3-school day confiscation; 2nd offense is a 10-day school day confiscation; 3rd offense is for the remainder of the school year. In addition, an administrator may confiscate the device, which shall only be returned to the student or the student's parent/guardian, as appropriate.
>
> . . .
>
> 3. Students shall comply with any additional rules developed by the school concerning appropriate use of telecommunication or other electronic devices.
>
> 4. Students shall not utilize a telecommunication or similar device in a manner that would violate the district's Acceptable Use Policy or procedures or its' [sic] Code of Acceptable Behavior and Discipline.

---

[5] Similarly, Article I, Section 10 of the Kentucky Constitution guarantees the right to be free from unreasonable search and seizure. As addressed together by both parties, the Court will likewise consider these claims together.

(Def.'s Mot. Dismiss 3). The District's written Search and Seizure Policy stated, in relevant part:

> **REASONABLE SUSPICION**
>
> No pupil's outer clothing, pockets, or his or her personal effects (e.g., handbags, backpacks, etc.) shall be searched by authorized school personnel unless there are reasonable grounds to believe the search will reveal evidence that the pupil has violated or is violating either a school rule or the law. . . .
>
> **AUTHORIZED PERSONNEL**
>
> Searches of a pupil's person or his or her personal effects shall only be conducted by a certified person directly responsible for the conduct of the pupil or the Principal/designee of the school which the student attends.
>
> . . .
>
> **OTHER DISRUPTIVE ITEMS**
>
> Items which may be used to disrupt or interfere with the educational process may be temporarily removed from the pupil's possession by a staff member. Such items may be returned to the pupil by the staff member or through the Principal's office.

(Pl.'s Resp. Def.'s Mot. Dismiss Ex. A, at 1).

Defendant argues that the Court should not reach the question of whether Plaintiffs have a valid Fourth Amendment claim regarding the search of their phones, as the EHS Cell Phone Policy did not violate the Fourth Amendment, since it only allowed confiscation of student cell phones, not their search. (Def.'s Mot. Dismiss 6-8). The District avers that the Search and Seizure Policy:

> does not permit the independent and illegal conduct of Defendant Goodlett. . . . [It] specifies a procedure for "disruptive items," mirroring the language of the [Cell Phone] Policy . . . . Again, even the Search and Seizure Policy does not permit a **search** of cell phones or other items that disrupt the educational process, but merely allows for the removal and/or seizure of those items from a student's possession.

(Def.'s Reply 2-3 (emphasis in original)).[6]

Making all reasonable inferences in favor of Plaintiffs, the Court finds that the two policies, read together, could have led a teacher to believe he was permitted to search a student's cell phone if he had "reasonable grounds to believe the search [would] reveal evidence that the pupil ha[d] violated . . . a school rule[,]" including EHS's prohibition on cell phones being used during school hours. Whether Goodlett's actions were illegal or not does not alter the question of whether the District's policies, training, and supervision allowed him to take them. The Court will deny Defendant's motion as to Plaintiffs' Section 1983 and Kentucky Constitutional claims for unreasonable search and seizure.

### B. Title IX Claim

Under Title IX, no person shall "be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance" on the basis of his or her sex. 20 U.S.C. § 1681(a). "Title IX proscribes gender discrimination [against employees and students] in education programs or activities receiving federal financial assistance." *N. Haven Bd. of Educ. v. Bell*, 456 U.S. 512, 514 (1982); *see also Neal v. Bd. of Trs. of Cal. State Univs.*, 198 F.3d 763, 766 (9th Cir. 1999) ("Title IX was Congress's response to significant concerns about discrimination against women in education." (citing *Bell*, 456 U.S. at 523-24 n.13)). The "recipient of federal funds may be liable in damages under Title IX only for its own misconduct." *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 640 (1999).

---

[6] Defendant further contends that "Plaintiffs cannot prove that anyone other than Defendant Goodlett searched their cell phones, nor can they prove that any other District employee knew about Defendant Goodlett's illegal conduct." (Def.'s Mot. Dismiss 6). This argument misunderstands the standard of review of a motion to dismiss, as the Court presumes all factual allegations made in the Complaint are true. *Total Benefits*, 552 F.3d at 434 (citation omitted).

To establish a claim against an educational institution under Title IX, Plaintiffs must establish a prima facie case showing that: 1) they were subjected to quid pro quo sexual harassment or a sexually hostile environment; 2) an "appropriate person," who was, at minimum, a District official with authority to take corrective action and to end discrimination, had actual notice; and 3) the District's response "amount[ed] to deliberate indifference to discrimination." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1989); *Klemencic v. Ohio St. Univ.*, 263 F.3d 504, 510 (6th Cir. 2001) (citation omitted).

Plaintiffs' Complaint claims that Defendants' conduct "constitutes discrimination and harassment as contemplated and prohibited" under Title IX, which they would not have been subjected to had they not been females, of which an "'appropriate person' at the [District] . . . had actual knowledge[,]" and that the District "acted with deliberate indifference to known acts of harassment and discrimination . . . prior to the acts" alleged. (Compl. ¶¶ 44, 46-47). Defendant argues, *inter alia*, that Plaintiffs' failure to identify this "appropriate person" leads Defendant to assume Plaintiffs refer to Goodlett, as "[n]one of the facts alleged in Plaintiffs' Complaint point to any instance where any District employee (other than Defendant Goodlett) had knowledge of the alleged 'discrimination and harassment.'" (Def.'s Mot. Dismiss 9). The District therefore contends that, as "the bad actor himself cannot qualify as 'an appropriate person' for purposes of establishing a Title IX claim[,]" Plaintiffs' Title IX claim must be dismissed. (Def.'s Mot. Dismiss 9 (citing *Escue v. N. Okla. Coll.*, 450 F.3d 1146, 1152 (10th Cir. 2006))). Defendant's argument ignores, however, Plaintiffs' contention that:

> [Goodlett's actions,] in conducting searches of students' cellular telephones . . . were known to other administrators and personnel at EHS and were known, or were so widespread as with reasonable diligence should have been known to the [District] . . . and, thus, were consistent with, and pursuant to, a custom of tolerance or acquiescence of such impermissible searches . . . .

(Compl. ¶ 65). Notwithstanding the irrelevant allegation regarding what "should have been known,"[7] when the factual allegations in the Complaint are assumed to be true, Plaintiffs have alleged enough facts to allow the Court to draw the reasonable inference that the District is liable for the misconduct alleged. The Court will therefore deny Defendant's motion as to Plaintiffs' Title IX claim.

## V. CONCLUSION

For the reasons outlined above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 7, 14) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
April 27, 2018

cc: counsel of record

---

[7] "Knew or should have known" is not the proper standard, as the prima facie requirement is *actual knowledge*. *Tumminello v. Father Ryan High Sch., Inc.*, 678 F. App'x 281, 286 (6th Cir. 2017).